CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2018 JAN 31 PM 2:05

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| NICHOLAS V. BLAIR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:17-CV-276-M-BQ |
| BRIAN COLLIER, Executive Director, ) | |
| Texas Department of Criminal Justice, ) | |
| ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND**
**RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

### I. Background

Petitioner Nicholas V. Blair, appearing pro se, filed his Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (Petition) on November 16, 2017.[1] In accordance with Special Order No. 3-251, this case was referred to the undersigned United States Magistrate Judge. At the time of filing, Blair was incarcerated in the Preston Smith Unit (Smith Unit) of the Texas Department of Criminal Justice–Criminal Institutions Division (TDCJ-CID), located in Lamesa, Texas.

Blair states that he is in custody pursuant to a judgment and sentence from Potter County, Texas. He does not challenge his state conviction and sentence; rather, he challenges his conviction and punishment in prison disciplinary proceeding no. 20170335544, which occurred at the Smith Unit. *See Preiser v. Rodriguez,* 411 U.S. 475, 477 (1973) (stating that § 2254 provides a specific remedy for prison inmates challenging the results of prison disciplinary hearings if the inmates do not seek monetary damages). This Court has jurisdiction over the instant petition. *See*

---

[1] *See Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998) (A prisoner's habeas petition is deemed to be filed when he delivers the papers to prison authorities for mailing.).

*Wadsworth v. Johnson,* 235 F.3d 959, 961–62 (5th Cir. 2000) (determining that a state prisoner challenging a prison disciplinary proceeding must file his petition in either the federal judicial district where he is incarcerated or the federal judicial district where his original conviction and sentence took place).

The Court understands Blair to raise four grounds for relief:

1. he was denied due process because the case was served to his cellmate, who admitted guilt and refused to attend the hearing;
2. he was not given the opportunity to present any defense, dispute the charges, or call witnesses on his own behalf;
3. he was located in a different, more restrictive housing unit when the disciplinary offense occurred and could not have been present to commit the offense; and
4. the charging officer did not personally identify Blair as the offender, but mistakenly wrote down his name from the bed-book roster in his normal housing unit.

According to Blair, after a finding of guilt on July 20, 2017, the disciplinary hearing officer assessed punishment of: (1) 30 day loss of previously earned good-conduct time; (2) 30 days cell restriction; (3) 45 days recreation restriction; and (4) denial of line class advancement.

## II. Proper Respondent

There is generally only one proper respondent to a prisoner's habeas corpus petition. *Rumsfeld v. Padilla,* 542 U.S. 426, 434–35 (2004) (citing 28 U.S.C. §§ 2242, 2243). The proper respondent is the person having immediate custody of the petitioner, who thereby possesses the power to produce the body of such person before the court or judge—not some remote or supervisory official. *Id.* Blair names Brian Collier, executive director of the Texas Department of Criminal Justice, as Respondent. Blair, however, is in the custody of the Criminal Institutions Division of

the Texas Department of Criminal Justice, where Lorie Davis, as Director of TDCJ-CID, holds him in custody. For this reason, the undersigned recommends that the District Court substitute Lorie Davis in place of Brian Collier as Respondent herein.

### III.     Federal Habeas Relief

Federal habeas relief is not available "absent the allegation by a [petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (quoting *Hilliard v. Bd. of Pardons & Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985)). "Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when the disciplinary action may result in a sanction that will impinge upon a liberty interest." *Hodges v. Johnson*, No. 3:01-CV-665-P, 2001 WL 493151, at *1 (N.D. Tex. May 7, 2001). The Supreme Court has held that a prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the [prisoner] in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In Texas, "[a]s a general rule, only sanctions which result in loss of good conduct time credits for inmates who are eligible for release on mandatory supervision or which otherwise directly or adversely affect release on mandatory supervision will impose upon a liberty interest." *Spicer v. Collins*, 9 F. Supp. 2d 673, 685 (E.D. Tex. 1998) (citing *Orellana*, 65 F.3d at 31–33); *see Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (holding that although Texas law does not create a constitutionally protected interest in parole, the law prior to September 1, 1996, does create a constitutional expectancy of early release on mandatory supervision). Although Blair did lose good-conduct time as a result of the disciplinary proceedings, he concedes that he is not eligible

for release to mandatory supervision. Hence, he cannot demonstrate that a constitutional violation has occurred and his claims do not provide a basis for federal habeas corpus relief. *Madison v. Parker*, 104 F.3d 765, 768–69 (5th Cir. 1997); *see Sandin*, 515 U.S. at 478 (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976)) ("[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner.").

To the extent Blair is challenging his cell restriction or the loss of recreation privileges, his claims do not present grounds for federal habeas review, and the Due Process Clause provides no basis for challenging such changes in his conditions of confinement. *Madison*, 104 F.3d at 768. It is well settled that the Due Process Clause does not protect every change in conditions of confinement that may have a substantial adverse impact on a prisoner. *Meachum*, 427 U.S. at 224.

The Due Process Clause protections are also not implicated by a change in Petitioner's line-class status. The Fifth Circuit has held that "the mere opportunity to earn good-time credits" does not constitute a "constitutionally cognizable liberty interest sufficient to trigger the protections of the Due Process Clause." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995) (emphasis omitted). Petitioner's custodial classification will not inevitably affect the duration of his sentence. *Id.*

### IV.     Recommendation

It is recommended that the caption of this case be changed to reflect Lorie Davis, Director of TDCJ-CID, as the Respondent, and that Brian Collier be terminated as Respondent. It is further recommended that this Petition be denied and dismissed with prejudice for failure to state a claim. Finally, it is recommended that any request for a certificate of appealability should be denied. Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would (1) find this Court's "assessment of the

constitutional claims debatable or wrong" or (2) find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## V.    Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: January 31, 2018.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE